Case 4:24-cv-04446   Document 5   Filed on 12/12/24 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
December 12, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| *Debtor,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-4446 |
| | § | |
| MORRIS BART, LLC, | § | |
| | § | |
| *Appellant.* | § | |

## MEMORANDUM ORDER

Pending before the Court in the above referenced proceeding is Morris Bart LLC's ("Morris Bart" or "Appellant") Motion for Withdrawal of the Reference (filed in Adversary proceeding number 24-3127). Chief Bankruptcy Judge Rodriguez's Report and Recommendation (Doc. No. 1) has resolved this motion, but Appellant has filed objections to the Report and Recommendation. (Doc. No. 3). After a *de novo* review of the filings, the applicable law, Judge Rodriguez's Report and Recommendation, and the objections thereto, the Court grants the objections, at least in part. It declines to adopt the Report and Recommendation, and instead withdraws the reference as to all matters involving the division of attorney's fees between Morris Bart and MMA Law Firm, PLLC ("MMA" or "Debtor").

### I. Background

This dispute originates in Louisiana and may be somewhat complicated due to the number of underlying plaintiffs/underlying claimants involved. At this time, the Court need not discuss the facts forming the basis of the substantive allegations except as to say that the parties dispute how, and if, attorneys' fees derived from over 1500 claims should be allocated. Morris Bart currently represents, or previously represented, a multitude of clients in litigation in Louisiana—clients that

1

were previously represented by MMA (the "Former Cases"). Debtor alleges that Morris Bart has collected attorneys' fees in many of these cases, and those fees are part of Debtor's estate and should be turned over to the bankruptcy estate. Appellant denies these claims—at least with respect to: 1) the contention that the fees (as opposed to an interest in the fees) are part of the estate; and 2) that MMA is due all or any substantial portion of those fees.

The procedural history of this case is more complicated, but this brief recitation will suffice for purposes of this Order. The proceedings in Texas began when MMA filed a petition for relief under Chapter 11 on April 9, 2024. (Bankr. Doc. No. 1). On June 24, 2024, MMA filed a complaint, commencing an adversary proceeding against Morris Bart. (Adversary Doc. No. 1). MMA amended its complaint, requesting attorney's fees for Morris Bart's alleged violation of the automatic stay, a declaratory judgment, and turnover of estate property (the "Complaint").[1] (Adversary Doc. No. 42).

There are four matters currently pending before the Court involving the instant adversary proceeding: (1) Morris Bart's request for certification of direct appeal to the Fifth Circuit or, alternatively, motion for leave to appeal of the preliminary injunction issued by the Bankruptcy Court;[2] (2) Morris Bart's appeal of the Bankruptcy Court's denial of its motion to dismiss the instant adversary proceeding based on Federal Rules of Civil Procedure 12(b)(1), (6), and (7);[3] (3) Morris Bart's appeal of the Bankruptcy Court's denial of its Motion to "Confirm the Automatic Stay does not Apply to Other Courts' Determination of Attorney's Fees. . . .";[4] and (4) the

---

[1] While a request for declaratory judgment is not a cause of action in federal court and is instead a procedural device, MMA ties its request for declaratory judgment to the turnover action.

[2] On July 15, 2024, the Bankruptcy Court issued a preliminary injunction enjoining Morris Bart, in part, from "taking any action, directly or indirectly, to prosecute claims regarding the Debtor's interest or any entitlement to fees or costs reimbursement in the Former Cases," and "taking any action or filing any pleading in any of the Former Cases that requests or would result in the determination of the Debtor's interest in a fee or a reimbursement of costs." (Adversary Doc. No. 31; 4:24-cv-2793, Doc. No. 3).

[3] Adversary Doc. Nos. 47 and 56.

[4] 4:24-cv-3443, Doc. No. 1

2

Bankruptcy Court's Report and Recommendation that the Court deny Morris Bart's Motion for Withdrawal of the Reference.[5] The first matter listed above will be contemporaneously resolved in a separate order.

At issue in this Order is Morris Bart's Motion for Withdrawal of the Reference. The Court will address the remaining appeals in different orders. On September 20, 2024, Morris Bart asked the Bankruptcy Court to recommend that the district court withdraw the reference. MMA opposed withdrawing the reference. The Bankruptcy Court issued a Report and Recommendation recommending against withdrawal. (4:24-cv-4446, Doc. No. 1). Morris Bart filed its objections to Judge Rodriguez's Report and Recommendation. (4:24-cv-4446, Doc. No. 3). The Court heard oral arguments at a hearing conducted on December 2, 2024.

## II.   Legal Standard & Analysis

United States District Courts are authorized by 28 U.S.C. § 157(a) to automatically refer "cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code" to the United States Bankruptcy Courts. Pursuant to § 157(d), the District Court may withdraw any case or proceeding referred under § 157 on its own motion or on timely motion of any party for cause shown. Additionally, the District Court shall withdraw any case or proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States that regulate organizations or activities that affect interstate commerce. 28 U.S.C. § 157(d). Thus, withdrawal may be either mandatory or permissive.

"Courts generally interpret the mandatory withdrawal provision restrictively, granting withdrawal of the reference when the claim and defense entail material and substantial

---

[5] 4:24-cv-4446, Doc. No. 1.

3

consideration of non-Bankruptcy Code federal law." *Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008) (citing *Lifemark Hosps. of La., Inc. v. Liljeberg Enters., Inc.*, 161 B.R. 21, 24 (E.D. La. 1993) (withdrawing reference when the case necessarily involved determining antitrust claims)); *In re White Motor Corp.*, 42 B.R. 693, 704 (N.D. Ohio 1984) (no withdrawal of reference based on speculation about issues under ERISA and Internal Revenue Code that might or might not be germane to the core proceeding).

There are no causes of action in the Complaint based in federal law separate and apart from any allegations pertaining to the Bankruptcy Code. The Court agrees with the Bankruptcy Court that mandatory withdrawal is inapplicable.

On the other hand, § 157(d) provides for permissive withdrawal of the reference, stating that a district court may withdraw, "in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "The party seeking withdrawal of the reference bears the burden of establishing grounds for permissive withdrawal." *In re Morrison*, 409 B.R. 384 (S.D. Tex. 2009). Permissive withdrawal for cause shown requires a court to examine the following factors:

1) Is the matter core or noncore?
2) Do the proceedings involve a jury demand?
3) Would withdrawal further uniformity in bankruptcy administration?
4) Would withdrawal reduce forum-shopping and confusion?
5) Would withdrawal foster economical use of resources?
6) Would withdrawal expedite the bankruptcy process?

*Levine*, 400 B.R. at 203 (citing *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir.1985)). The Fifth Circuit has held that without consent of the parties, a bankruptcy judge

4

lacks the authority to conduct a jury trial. *In re Clay*, 35 F.3d 190, 196–97 (5th Cir. 1994). Though the Bankruptcy Court agrees Morris Bart timely requested a jury trial, the Bankruptcy Court struck this request after finding that it was not entitled to a jury trial. (Doc. No. 1 at 4; Bankr. Doc. Nos. 62 and 63). Accordingly, if the Court finds that Morris Bart is entitled to a jury trial, the reference must be withdrawn. *See In re Clay*, 35 F.3d 190. The Bankruptcy Court analyzed the permissive-withdrawal factors and recommended that the withdrawal of the reference was inappropriate. After a *de novo* review of the factors, the Court finds that Morris Bart has met its burden to show cause for the Court to withdraw the referral to the Bankruptcy Court, primarily because Morris Bart is entitled to a jury and its jury demand outweighs the remaining factors.

The analysis to determine whether Morris Bart is entitled to a jury trial consists of two steps: "(1) a comparison of the 'statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity'; and (2) whether the remedy sought is 'legal or equitable in nature.'" *Levine*, 400 B.R. at 205 (citing *Granfinanciera, S.A.*, 492 U.S. 33, 42 (quotation omitted)). "The second stage of this analysis is more important than the first." *Granfinanciera, S.A.*, 492 U.S. at 42.

As noted above, MMA's Complaint requests: attorney's fees for violation of the automatic stay, a declaratory judgment, and turnover of estate property—the primary goal being the recovery of attorneys' fees and costs from the Former Cases via the declaratory judgment and turnover contentions. In determining that MMA is bringing solely equitable claims and not a legal claim, the Bankruptcy Court states that MMA is, "merely asking this court to determine whether MMA's interest in the fees are property of the estate." (Adversary Doc. No. 62 at 7). That is not entirely accurate. While MMA does state that it is seeking a declaratory judgment "affirming that the Debtor's *interest* in the attorney's fees and costs in the [Former Cases] are property of the

5

bankruptcy estate," its Complaint goes much further. (Adversary Doc. No. 42 at 9). In fact, the Complaint states that Debtor "is entitled to a contingency fee and reimbursement of expenses in" the Former Cases and requests that the Bankruptcy Court mandate that Morris Bart deliver said fees and expenses to the bankruptcy estate. (*Id.* at 9–10). Consequently, MMA is asking the Bankruptcy Court to deprive Morris Bart of funds that it is holding, despite the fact that no one is currently certain what percentage of the fees and costs, if any, either party is entitled. In essence, it is a claim that Morris Bart has converted its fees.[6]

Moreover, at the hearing before this Court, MMA adamantly argued that, not only are its claims for fees property of the Debtor, but so are the fees themselves. Significantly, MMA acknowledges (and Morris Bart concedes) that there must be an allocation of the fees using the *Saucier* factors, and that there also must be a finding of fact as to whether the Debtor was discharged for cause.[7] *See O'Rourke v. Cairns*, 683 So. 2d 697, 704 (La. 1996) (referencing *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102 (La. 1979)); (*Id.* at 9–10). Had MMA merely sought an affirmance of their interest in contingency fees alone, there would be no issue for a jury. Yet, the requested turnover is for the fees themselves. In any given Former Case, it might not be entitled to any fees. No one knows whether, or to what extent, MMA is entitled to any fees. Despite this uncertainty, MMA asks the Bankruptcy Court to order delivery of the "Total Fees and Costs" of the Former Cases, which, if granted, might include MMA's property, but also certainly includes

---

[6] The Seventh Amendment preserves to litigants the right to jury trial in suits at common law, including actions for conversion of personal property. *See Ross v. Bernhard*, 396 U.S. 531, 533 (1970). This satisfies step one of the above-described analysis.

[7] The Saucier factors, found in Louisiana's Code of Professional Responsibility and codified in the Louisiana Revised Statutes, are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

the fees and costs to which Morris Bart is entitled. Thus, the overriding issue of MMA's request requires the resolution of the amount MMA is owed, if any, under the contingency fee agreements, and Debtor is asking to be paid these sums—a claim and remedy that is clearly legal in nature.

While the Court recognizes that certain Louisiana cases suggest that a court (rather than a jury) can apply the *Saucier* factors, in addition to finding that the attorney was discharged with or without cause, to determine the amount to which a lawyer might be entitled, federal policy favors jury trials when one has been timely requested. *Compare O'Rourke* 683 So. 2d at 704 (finding that the court should allocate the fee between discharged and subsequent counsel), *with Simler v. Conner*, 372 U.S. 221, 223 (1963) (finding that the issue of the amount owed to an attorney under a contingency fee contract should be submitted to a jury). The Seventh Amendment of the United States Constitution requires that the right to a jury trial in the federal courts is to be determined as a matter of federal law, even if the Court were to be sitting in diversity. *Simler*, 372 U.S. at 222. "Only through a holding that the jury-trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved." *Id.* The Court, therefore, finds that Morris Bart has a right to have a jury act as the trier of fact.

Moreover, the Supreme Court has addressed a similar issue to that before this Court, though admittedly in a non-bankruptcy context. In *Simler v. Conner*, the attorney-client controversy involved the amount of fees owing to an attorney under a contingent fee contract. *Id.* at 223. The Court held that, even though the action sought a declaratory judgment, the dispute was a "traditionally 'legal' action" and, thus, should be submitted to a jury. *Id.*

The Court acknowledges that, unlike in *Simler* (a case between a client and his attorney), there is no contract between MMA and Morris Bart. Still, analogous to *Simler*, the underlying controversy in the case at bar involves the amount of fees, if any, due to the Debtor under more

7

than 1500 contingent fee contracts. Also like *Simler*, MMA seeks a declaratory judgment, though the "basic character of the suit" requires the determination and payment of the fees owed. Therefore, while there is no breach of contract claim between the parties, MMA fundamentally seeks monetary relief— a "traditionally 'legal' action" that should be submitted to a jury. *See id.*

Importantly, the Supreme Court has held that the constitutional right to a trial by jury cannot be made to depend on the choice of words used in the pleadings. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477–78 (1962). Therefore, the fact that MMA seeks a declaratory judgment, or other seemingly equitable claims, is not determinative. It is the nature and the character of the claims that must be evaluated. The Court believes that, in finding that all of MMA's claims are solely equitable rather than legal, the Bankruptcy Court may have put form over substance.

The Bankruptcy Court correctly stated that, "if the plaintiff seeks a legal remedy, the defendant has a right to a jury trial, even if Congress has assigned the cause of action to the bankruptcy courts as a "core" proceeding." (Doc. No. 1 at 4). Therefore, even though the proceeding may be core, Morris Bart has a right to a jury trial because the plaintiff seeks a legal remedy.

While a jury trial may not present the most efficient or timely path to resolution, given the jury demand and the nature of the relief sought, the law compels the Court to be able to submit the issue of the amount of fees owing to a jury. Thus, because Morris Bart is likely entitled to a jury trial and it does not consent to a bench/jury trial before a bankruptcy judge, there is cause for withdrawal of the reference. As such, the Court does not find it necessary to opine on the

Bankruptcy Court's determination of the remaining factors.[8] Since Morris Bart timely requested a jury trial and is so entitled, the Court hereby withdraws the reference. *See In re Clay*, 35 F.3d 190.

### III. Conclusion

Accordingly, it is hereby **ORDERED** that Appellant's Objections (Doc. No. 3) are **SUSTAINED**, in part. The Court declines to adopt the Report and Recommendation (Doc. No. 1) for the reasons above. The reference to all matters concerning the fees in the Former Cases collected by Morris Bart and those claimed in the Former Cases by MMA are hereby **WITHDRAWN** pursuant to 28 U.S.C. § 157(d). This includes all matters raised in Case Numbers 4:24-cv-2793, 4:24-cv-3443, 4:24-cv-4343, 4:24-cv-4446, Adversary Case Number 24-3127, and matters related to the attorneys' fees/costs dispute between MMA and Morris Bart in Bankruptcy Case Number 24-31596.

SIGNED at Houston, Texas this 12 day of December, 2024.

Andrew S. Hanen
United States District Judge

---

[8] While the Court need not discuss the remaining factors, it is clear that withdrawing the reference is the most economical use of everyone's resources, and, as such, should ultimately expedite the bankruptcy process, forestall needless appeals, and hasten a final resolution of the dispute.